UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8200 CAS (Ex) | Date | February 23, 2011 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST CO., ETC. v. RICARDO FORTEZA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers):
**ORDER TO SHOW CAUSE FOR IMPROPER REMOVAL**

## I.     INTRODUCTION

Plaintiff alleges it obtained title to defendants property at a Trustee's Sale pursuant to Cal. Civ. Code § 2924 et seq.  Thereafter on August 12, 2010, plaintiff alleges it served defendant with a Notice to Quit under which defendant had three days in which to vacate the property.  On August 19, 2010, plaintiff filed an unlawful detainer action in the Los Angeles County Superior Court after defendant allegedly failed to timely deliver possession of the property.  On September 3, 2010, defendant filed an answer to the complaint in the Superior Court, and on October 29, 2010 defendant filed the instant Notice of Removal in this Court.

## II.    LEGAL STANDARD

Civil actions brought in a state court generally may be removed to a federal district court when the district court has original jurisdiction that arises under the laws of the United States. 28 U.S.C. § 1441(b).  28 U.S.C. § 1446(b) requires notice of removal to be filed within thirty days (30) of receipt, by the defendant, of the initial pleading setting forth the claim for relief.  A defendant may remove a case to federal court if either the plaintiff's claim establishes a federal question or the court may properly exercise diversity jurisdiction.  See 28 U.S.C. §§ 1331 & 1332.

If a defendant seeks to remove a case to federal court on federal question grounds, "the federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  California ex rel. Lockyer v. Dynegy, Inc.,  375

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8200 CAS (Ex) | Date | February 23, 2011 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST CO., ETC. v. RICARDO FORTEZA | | |

F.3d 831, 838 (9th Cir. 2004). It is immaterial that a federal question may arise in connection with a defendant's defense. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983) ("For better or worse . . . a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."). It is also immaterial that a counterclaim, cross-claim, or third party claim may raise a federal question. See Redevelopment Agency of City of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) (citing Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998)).

Alternatively, a defendant may remove the case if the case originally may have been brought in federal court pursuant to the court's diversity jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563 (2005). Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceed $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1). When a corporation is a party, the corporation is a citizen of "any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is it's "nerve center," which is usually its corporate headquarters. See Hertz Corp. v. Friend, 130 S. Ct. 1181, 1183 (2010). Finally, even where there exists complete diversity between the parties, removal is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

### III. DISCUSSION

Defendant's removal appears improper for several reasons. First, plaintiff's complaint does not state a claim arising under federal law. Rather, the complaint is for unlawful detainer of property. See Compl. at 3:14-15. The cause of action for unlawful detainer arises under state, not federal, law. See CAL. CIV. PROC CODE § 1161 et seq.; see also McGee v. Seagraves, No. 06-CV-0495-MCE-GGH-PS, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006) (holding a federal court has no jurisdiction over unlawful detainer actions, which are strictly within the province of state court). Defendant's intention to file a cross-complaint against plaintiff, or join an allegedly ongoing class-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8200 CAS (Ex) | Date | February 23, 2011 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST CO., ETC. v. RICARDO FORTEZA | | |

action proceeding in the Central District are insufficient grounds for removal of a state action.  See Metro Ford Truck Sales, 145 F.3d at 327.  Defendant therefore may not remove on federal question grounds.

Second, defendant does not establish that this Court may properly exercise diversity jurisdiction.  See  28 U.S.C. § 1332.  A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's complaint or this fact is disclosed in other pleadings, motions or papers "from which it may . . . be ascertained that the case is one which is or has become removable. . . ."  WILLIAM W SCHWARZER ET AL., CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL Ch. 2D-4 § 2:654 (The Rutter Group 2010) (quoting 28 U.S.C. § 1446(b)). Where the complaint does not disclose the citizenship of each party and the amount in controversy, these jurisdictional facts must be set forth in defendant's notice of removal.  See id. (citing Barnhill v. Ins. Co. of N. Am., 130 F.R.D. 46 (D. S.C. 1990)).  Plaintiff's complaint does not state plaintiff's citizenship, and defendant's notice of removal indicates only that "Plaintiff['s] state of incorporation is NOT California."  Notice of Removal at ¶ 16.  This fails to establish plaintiff's state of incorporation for the purposes of determining the propriety of diversity jurisdiction.

Further, even if defendant could establish that complete diversity of citizenship exists between himself and plaintiff, defendant's California citizenship prevents the exercise of diversity jurisdiction.  Notice of Removal at ¶ 16 ("Defendant Homeowner is a resident and citizen of the State of California.").  Actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b). The so-called "'forum defendant' rule reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from" the state in which the district court sits.  Spencer v. U.S. Dist. Court for Northern Dist. of Ca., 393 F.3d 867, 870 (9th Cir. 2004) (internal quotations and citation omitted).  The presence of a local defendant at the time removal is sought, therefore, bars removal.  Id.  As defendant's notice of removal asserts defendant is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8200 CAS (Ex) | Date | February 23, 2011 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST CO., ETC. v. RICARDO FORTEZA | | |

citizen of the state of California, this Court may not properly exercise its diversity jurisdiction.[1]

**V.     CONCLUSION**

Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE on or before March 15, 2011, why the instant action should not be remanded for lack of federal question or diversity jurisdiction.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |

---

[1] Defendant's attempt to remove may also be untimely. A removal notice must be filed within thirty days (30) of defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). The Court cannot determine from the filings whether or when plaintiff served defendant. However, defendant submitted with his notice of removal a copy of his answer to the plaintiff's complaint, which it appears defendant filed in the Los Angeles County Superior Court on September 3, 2010. Defendant then filed the instant notice of removal on October 29, 2010—fifty seven days after filing his answer. It appears, therefore, that defendant's removal is untimely. Based on the analysis above, however, timeliness is not the sole dispositive issue with respect to defendant's removal.